IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nihan Fila, | C/A No. 3:25-13318-JFA-PJG |
| Plaintiff, | |
| v. | |
| City of Columbia Police Department, | **ORDER** |
| Defendant. | |

## I.    INTRODUCTION

Nihan Fila, ("Plaintiff"), proceeding *pro se*, brings this action against City of Columbia Police Department, ("Defendant"), raising claims pursuant to 42 U.S.C. § 1983, as well as state law stemming from her arrest on June 17, 2019. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 5). Defendant's Motion argues that it is entitled to dismissal of Plaintiff's complaint because all of her claims are time barred. *Id.* After reviewing Defendant's Motion to Dismiss, (ECF No. 5), the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") recommending that Defendant's Motions be granted. (ECF No.19).

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 19).

Plaintiff filed objections to this Report and a motion for leave to file an amended complaint, (ECF Nos. 23 & 24), to which Defendant filed Replies, (ECF Nos. 25 & 26). Therefore, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

2

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012).

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 19). In short, this action pertains to Plaintiff's arrest on June 17, 2019. (ECF No. 1-1).

Officers from the Columbia Police Department, including Officer Arrowood (a defendant in a related action brought by Plaintiff), arrived in Plaintiff's backyard after receiving a call from a neighbor. *Id.* Plaintiff alleges she was arrested without probable cause for "Malicious Injury to Property." *Id.* The attachments to the Complaint indicate that officers responded to a dispatch call that "a middle eastern woman was using an axe to chop down a fence." *Id.* Plaintiff's complaint asserts three causes of action: (1) negligence and failure to train/supervise, (2) violation of civil rights pursuant to 42 U.S.C. § 1983, and (3) intentional infliction of emotional distress. *Id.*

The Report recommends that Defendant's Motion to Dismiss be granted because all of Plaintiff's claims are time barred and she failed to meet her burden to justify equitable tolling. (ECF No. 19). The Report notes that the incident at issue in this case occurred on June 17, 2019; however, this action was not filed until October 14, 2025. *Id.* The statute of limitations for a claim brought pursuant to 42 U.S.C. §1983 is three years. *See Owens v. Okure*, 488 U.S. 235 (1989); *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit.")). The statute of limitations for claims brought pursuant to the South Carolina Torts Claim Act is two years. S. C. Code Ann. § 15-78-110. Thus, the Report recommends that because Plaintiff did not file suit until after the relevant statute of limitations, her claims are time barred. Further, the Report found that Plaintiff provided no rare or extraordinary circumstances that would justify equitable tolling of the limitations period. (ECF No. 19, p. 8).

Conversely, Plaintiff argues the Report erred in determining there were not sufficient circumstances to justify equitable tolling of the limitations period. (ECF No. 23). Specifically, Plaintiff enumerated the following objections, all relating to the merits of applying equitable tolling: (1) the Report erred in resolving "fact-intensive issues that cannot be resolved under Rule 12(b)(6); (2) Plaintiff was not able to file the action earlier; (3) Plaintiff endured "continuous medical incapacity;" (4) "Immigration and practical constraints;" (5) "Dismissal before discovery is premature;" and (6) "Leave to amend is required." *Id.* Additionally, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 24).

Plaintiff's objections are overruled, and her request for leave to file an amended complaint is denied. Plaintiff's six specific objections essentially argue that the Report prematurely determined equitable tolling was not appropriate, and that its determination was in error. The Undersigned disagrees. Each of Plaintiff's objections are addressed herein.

Objections 1 & 5

Plaintiff argues the Report's determination that equitable tolling is not appropriate here was premature. Not so. The Court fails to find any support for Plaintiff's argument that factual questions exist that require additional development to resolve Defendant's statute of limitations argument. The Court accepts all of Plaintiff's allegations to support her argument for equitable tolling as true, including that during the statute of limitations period she suffered medical conditions, had concerns over immigration constraints, had criminal charges pending from 2019 through October 2022, and that the COVID-19

pandemic impacted her access to the courts.[1] (ECF No. 1-1). None of these allegations constitute the rare or extraordinary circumstances that would justify equitable tolling of the limitations period. Accordingly, any additional facts to support these allegations would be inconsequential to this Court's ruling. Accordingly, Plaintiff's objections that the Report's determination regarding equitable tolling was premature are overruled.

Objections 2, 3, & 4

Plaintiff's second, third, and fourth objections relate to the reasons provided for her failure to file this action within the statute of limitations. Specifically, Plaintiff notes in her objections that she was not able to file the action earlier, that she endured continuous medical incapacity, and that she faced "immigration and practical constraints."

Equitable tolling is appropriate where enforcing a limitations period against a party would be a gross injustice due to circumstances beyond the party's own conduct. *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 549 (4th Cir. 2019) (quoting *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc)). The party asserting equitable tolling must show that she has been pursuing her rights diligently and that extraordinary circumstances prevented her from timely filing. *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016). The use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

---

[1] Notably, Plaintiff waited years after these purported obstacles to initiate any action related to this claim.

Similarly, South Carolina law provides that "[e]quitable tolling typically applies when a litigant was prevented from timely commencing an action because of an extraordinary event beyond his control" and cautions that it "should be used sparingly and only when the interests of justice compel its use." *Hughes on behalf of Est. of Hughes v. Bank of Am. Nat'l Ass'n*, 898 S.E.2d 102, 114 (S.C. 2024) (citations and internal quotations marks omitted); *see also id.* (finding the Fourth Circuit's standard consistent with the law in South Carolina).

Upon performing a *de novo* review, the Undersigned agrees with the Report that the reasons provided by Plaintiff are not rare or extraordinary circumstances that would justify equitable tolling of the limitations period. Further, even if these were such extraordinary circumstances, Plaintiff cannot show diligence, as she waited years after these obstacles to initiate any action. Thus, Plaintiff's second, third, and fourth objections are overruled.

Objection 6

Plaintiff's sixth objection argues that leave to amend is required. (ECF No. 23, p. 3). Further, Plaintiff has filed a Motion for Leave to file an Amended Complaint, (ECF No. 24), wherein she attached a proposed amended complaint, (ECF No. 24-3).

Plaintiff's amended complaint appears to alter the cause of action but does not resolve the fact that her claims are barred by the applicable statute of limitations as discussed herein. Accordingly, Plaintiff's objection is overruled, and Plaintiff's request to amend her complaint is denied.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 19). Accordingly, Defendant's Motion to Dismiss, (ECF No. 5), is granted. Further, Plaintiff's Motion for Leave to file an Amended Complaint, (ECF No. 24), is denied.


IT IS SO ORDERED.

July 8, 2026                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge